JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re:* TOYS "R" US – DELAWARE, INC. – FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION | ) MDL No. CV 08-01980 MMM (FMOx) <br> ) No. CV 06-08163 MMM (FMOx) <br> ) No. CV 08-06645 MMM (FMOx) <br> ) <br> ) JUDGMENT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

On January 17, 2014, the court entered an order finally approving the parties' settlement of this action and awarding attorneys' fees, costs, and incentive awards. Accordingly,

IT IS ORDERED AND ADJUDGED THAT

1. This judgment incorporates by reference the definitions in the Settlement Agreement dated May 9, 2013 and all capitalized terms used herein and not otherwise defined by this order shall have the meaning assigned to them in the Settlement Agreement;

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the court previously certified the following Settlement Class:

    All persons who made purchases at any Toys 'R' Us store during the Class

Period (defined as the period from December 4, 2006 through January 5, 2007, inclusive) using credit or debit cards;

3. The court, finding that the requirements for approving a settlement class pursuant to Rules 23(a) and (b)(3) have been met, hereby affirms its certification of the Settlement Class;

4. Pursuant to Rule 23(c)(3), all Settlement Class Members who have not timely opted out of the settlement are bound by this order and by the terms of the Settlement Agreement. No Settlement Class Members have timely opted out of the settlement;

5. Pursuant to Rule 23(a), the court finds that plaintiffs Nicola Edwards, James Schley, and Gregory Ellis are members of the class, their claims are typical of the class, and they fairly and adequately protected the interests of the class throughout the proceedings in the litigation. Accordingly, the court appoints Nicola Edwards, James Schley, and Gregory Ellis as class representatives;

6. Having considered the factors set forth in Rule 23(g)(1), the court finds that Class Counsel fairly and adequately represented the class for purposes of entering into and implementing the settlement, and thus appoints Moore & Leviant LLP, Bock & Hatch LLC, Chant & Company, A Professional Law Corporation, and the Linde Law Firm (through attorneys J. Mark Moore, Richard Doherty, Chant Yedalian, and Douglas Linde, respectively) as Class Counsel on behalf of the class;

7. In its Order of Preliminary Approval, the Court preliminarily approved the Notice of Proposed Settlement and Right to Opt Out and found that the proposed form and content of the Notice satisfied the requirements of due process. The court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances. That notice constitutes due and sufficient notice of the Settlement Agreement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement or the Fairness Hearing, and satisfies the requirements of Rule 23, of due process, and of any other applicable law;

8. Pursuant to Rule 23(e)(2), the court finds, after a hearing and based upon the submissions of the parties, that the Settlement Agreement is fair, reasonable, and adequate and should be approved. In making this determination, the court has considered factors with respect to fairness, including: (i) the terms of the Settlement Agreement, (ii) the posture of the case at the time settlement was proposed; (iii) the extent of discovery that was conducted; (iv) the circumstances surrounding the parties' settlement negotiations; and (v) the experience of counsel. In addition, with respect to adequacy, the Court has considered the following factors: (i) the relative strength of Plaintiffs' case on the merits; (ii) the existence of any difficulties of proof or strong defenses Plaintiffs were likely to encounter if the case went to trial; (iii) the anticipated duration and expense of additional litigation; (iv) the solvency of Toys and the likelihood of recovery on a litigated judgment; and (v) the lack of opposition to the Settlement. The court is satisfied that the provisions of the Settlement Agreement are of benefit to the Class Members;

9. The court also determines that there was no fraud or collusion between the parties or their counsel in negotiating the terms of the Settlement Agreement and that all negotiations were arm's length. Furthermore, the terms of the Settlement Agreement make clear that the process by which the Settlement Agreement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel;

10. No Class Member filed an objection to the Settlement Agreement;

11. Class Counsel are entitled to a reasonable fee and expense award for their work; the court finds $458,602.54 to be a reasonable fee amount. The court also awards Class Counsel $66,397.46 in reasonable expenses;

12. The terms of the Settlement Agreement provide that Toys will pay an incentive award to the class representatives. The court has determined that each representative is entitled to receive an incentive award of $5,000 and hereby awards such an amount;

13. This action is dismissed, with prejudice, and without costs to any party, except as provided herein, in the Settlement Agreement, and/or in the court's Order on Class Counsel's motion for fees and costs; and

14. Without affecting the finality of this judgment, the court reserves continuing jurisdiction over all matters related to the administration, implementation, effectuation, and enforcement of the Settlement Agreement and this court's orders and judgment related thereto.

DATED: January 17, 2014

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

4